IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BARBARA A. ALEXANDER                                                                   PLAINTIFF

                v.                               Civil No. 09-2151

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Barbara Alexander, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental insurance benefits under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

The plaintiff filed her application for SSI on July 5, 2005, alleging disability since January 1, 2005, due to lupus and rheumatoid arthritis. Tr. 11, 51, 76-77, 78-84, 86-87, 96-102. Her application was initially denied and that denial was upheld upon reconsideration. Tr. 26-27. Plaintiff then made a request for a hearing by an Administrative Law Judge ("ALJ"). An administrative hearing was held on April 3, 2007. Tr. 285-303. Plaintiff was present and represented by counsel.

At this time, plaintiff was 38 years of age and possessed an eighth grade education. Tr. 17, 292-293. She had past relevant work ("PRW") experience in the fast food industry. Tr. 52, 60-63, 105.

On September 6, 2007, the ALJ found that plaintiff's lupus and rheumatoid or inflammatory arthritis were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 13. After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work involving occasional climbing, balancing, crawling, kneeling, crouching, and stooping and frequent bilateral grasping and rapid and repetitive wrist motion. Tr. 13-17. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a small production machine operator, small product assembler, and food order clerk. Tr. 17-18.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 29, 2009. Tr. 3-6. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 11, 12.

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and

AO72A
(Rev. 8/82)

work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Under the regulations, "if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). However, the timing of the evidence is not dispositive of whether the evidence is material. *Id.* Evidence obtained after an ALJ decision is material if it related to the claimant's condition on or before the date of the ALJ's decision. *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984).

Once it is clear that the Appeals Council has considered newly submitted evidence, we do not evaluate the Appeals Council's decision to deny review. Instead, our role is limited to deciding whether the ALJ's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g., Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992); *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir. 1992). Of necessity, that means that we must speculate to some extent on how the ALJ would have weighed the newly submitted reports if they had been available for the original hearing.

In the present case, Plaintiff filed additional medical records with the Appeals Council, consisting of hospital admission records dated March 2008 and treatment notes from her rheumatologist dated September and October 2007. It is significant to note that Plaintiff had

4

been diagnosed with and treated for systemic lupus erythematosus ("SLE")[1], rheumatoid arthritis[2], severe anemia, and antiphospholipid signs.[3] On December 12, 2005, Plaintiff underwent a general physical exam with Dr. Neil Mullins. Tr. 161-167. Plaintiff reported a history of lupus, possible rheumatoid arthritis, and anemia resulting in joint pain all over. Her medications were said to include Prednisone, Doryx (Doxycycline), Naproxen, and Prevacid. She had an abnormal straight leg raise test; a limited range of motion in her hands, hips, knees, and ankles; exhibited swollen hands, knees, and ankles; could not walk on heel and toes or squat and arise from a squatting position; and, had only 50% grip strength. Brawny edema was noted in her ankles. Dr. Mullins diagnosed her with a history of lupus and polyarthritis, anemia, and chronic pain. He did not, however, list any limitations. Tr. 161-167.

In March 2006, Dr. Anne Miller, a rheumatologist, evaluated Plaintiff and stated that her condition appeared to have improved with medication. Tr. 191-201. However, Plaintiff continued to have tenderness in her right wrist and needed to be followed due to medication side effects. Tr. 191-201. We note that both lupus and rheumatoid arthritis are diseases subject to

---

[1] Systemic lupus erythematosus is a chronic, multisystem, inflammatory disorder affecting the autoimmune system. *See* Rula A. Hajj-ali, M. D., *Systemic Lupus Erythematosus (SLE)*, at www.merckmanuals.com (March 8, 2011). Common symptoms include include arthralgias and arthritis; malar and other skin rashes; pleuritis or pericarditis; renal or CNS involvement; and hematologic cytopenias. *Id*.

[2] "Rheumatoid arthritis is a chronic systemic autoimmune disease that primarily involves the joints. *See* Roy D. Altman, M.D., *Rheumatoid Arthritis*, at www.merckmanuals.com (March 8, 2011). Characteristically, peripheral joints (eg, wrists, metacarpophalangeal joints) are symmetrically inflamed, leading to progressive destruction of articular structures, usually accompanied by systemic symptoms. *Id*.

[3] Antiphospholipid syndrome is a condition that causes clotting within the arteries or veins. *See* Mayo Foundation for Medical Education and Research, *Antiphospholipid syndrome*, at www.mayoclinic.com (March 8, 2011).

periods of remission that are often of uncertain duration and marked by the impending possibility of relapse.

The records Plaintiff submitted to the Appeals Council indicate that she continued to experience symptoms associated with lupus, rheumatoid arthritis, and severe anemia, in spite of her medications. On September 25, 2007, Dr. Russell Branum, a rheumatologist, stated that Plaintiff clearly had systemic lupus and was recovering from pneumonia.[4] Tr. 274. He provided her with information on Methotrexate, and she was going to read the material and consider beginning this medication when she was clear of pneumonia. Dr. Branum also noted that Plaintiff was severely anemic and would need to follow-up in three to four weeks. Tr. 274.

On October 22, 2007, Plaintiff complained of left-sided chest pain, partially pleuritic in nature. Tr. 273. Dr. Branum diagnosed her with pleurisy[5] and increased her Prednisone dosage. He noted that she could try Vicodin for pain control, as this had helped in the past. For the skin rash on her arms, Plaintiff was referred to Sparks Dermatology. Dr. Branum noted it was rather severe, as was her alopecia (balding). He prescribed Methotrexate and Prednisone. Tr. 273.

Blood work analyzed on January 30, 2008, revealed a low red blood cell count, low hemoglobin, and low hematocrit, all three highly suggestive of significant anemia. Tr. 276.

On March 6, 2008, Plaintiff was admitted to the hospital with a history of abdominal pain, dehydration, and elevated renal function numbers. Tr. 242-247. With IV hydration, her renal function improved over the next 48 hours, but increased again when IV fluids were

---

[4] While Dr. Branum did state he did not believe Plaintiff's pneumonia was related to her lupus, research does indicate that there is also a link between rheumatoid arthritis and respiratory problems.

[5] Pleurisy is an inflammation in the lining surrounding the lungs. We note that both lupus and rheumatoid arthritis can trigger pleurisy.

stopped. Initially, she had a normal serum lipase level, but this, too, increased during her stay. An echocardiogram revealed global hypokinesis, a left ventricular ejection fraction rate of 45%, and no evidence of intracardiac masses or intracardiac thrombus. Color flow and doppler studies revealed mild-to-moderate regurgitation and mild-to-moderate tricuspid regurgitation. CT imaging of the abdomen and pelvis was within normal limits. The gall bladder ultrasound was also normal. Plaintiff was treated via antibiotics. Her pain and tenderness decreased, so Dr. Jose Alemparte concluded she was well enough for discharge on March 12, 2008. He did note that her severe joint stiffness and inflammatory changes responded to a higher dose of Solu-Medrol, but indicated he did not want to keep her on the higher dosage for an extended period due to side effects. Her final diagnoses were septicemia due to streptococcus pneumoniae, acute pancreatitis, history of lupus, anemia of chronic disease, dehydration and acute renal insufficiency, widespread myofascial pain of lupus, alopecia, distal finger cyanosis, and possible reduced cardiac ejection fraction. She was advised to increase her Prednisone dosage, resume her Methotrexate dose, and given a prescription for Percolone (Oxycodone). Dr. Alemparte indicated that he would see Plaintiff in follow-up in ten days and would recheck her pancreas levels at that time. Her activity was ambulatory to tolerance, but he did state that she could not tolerate much weightbearing because of her lupus arthritis and severe venous insufficiency and edema problems. Tr. 242-247.

After reviewing this evidence and considering the otherwise scant medical evidence of record, we believe the case should be remanded to allow the ALJ to review this new evidence. Had it been before him, we believe it would have impacted his decision in this case. It clearly

indicates that, although Plaintiff experienced a period of remission, it was short lived and her symptoms returned.

Given the varying types of symptoms suffered by Plaintiff and their possible connection to her arthritis and lupus, on remand, the ALJ should reconsider all of her impairments in combination before rendering a decision concerning her RFC. *Cunningham v. Apfel*, 222 F.3d 496, 501 (8th Cir. 2000) (holding Commissioner must consider all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling). The ALJ is also directed to submit interrogatories to Dr. Branum, requesting that he complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for his opinion. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985); *see also* 20 C.F.R. § 416.927(d)(5) (stating more weight is also to be extended to "the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist").

As the record stands, the only RFC assessment was completed by a non-examining consultative doctor. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). Due to Plaintiff's history of severe anemia, lupus, and rheumatoid arthritis, we believe that an RFC assessment from a doctor who has actually treated Plaintiff is necessary before the ALJ can accurately determine Plaintiff's work-related abilities and limitations. *See Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003) (holding that RFC must be supported by medical evidence that addresses the claimant's ability to function in the

8

workplace). It seems clear to the undersigned that this combination of impairments could affect a persons's ability to perform basic work activities on a sustained basis.

We also note that the records indicate Plaintiff sought out emergency treatment on September 3, 2007, and was either released on September 18, 2007 or treated for a second time on this date. Tr. 249-251. However, there is no information indicating what she was treated for. As such, we believe the record needs further development in this area. The Commissioner's regulations explain that contacting a treating source is necessary if the source's records are "inadequate for us to determine whether [the claimant is] disabled," such as "when the report from [a] medical source . . . does not contain all the necessary information. . . ." 20 C.F.R. §§404.1512(e), 416.912(e). Accordingly, on remand, the ALJ is directed to contact Sparks Health System and request that they forward complete medical records documenting any and all treatment received by Plaintiff in September 2007.

## IV.  Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of March 2011.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)