IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BARBARA A. ALEXANDER                                                       PLAINTIFF

     v.                                             CIVIL NO. 09-2151

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

     Plaintiff, Barbara Alexander, appealed the Commissioner's denial of benefits to this court. On March 10, 2011, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 17. On June 3, 2011, plaintiff moved for an award of $2760.08 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 19.05 attorney hours of work before the court at an hourly rate of $125.00 and $378.83 in expenses. ECF No. 15. Defendant has filed a response, raising no objections to plaintiff's motion for fees. ECF No. 17.

**EAJA Fees:**

     Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four

judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim"" *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir.1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under the EAJA at a rate of $125.00 an hour As this is not above the maximum hourly rate allowed under the statute, we find counsel is entitled to an hourly rate of $125.00.

3

Plaintiff's counsel requests .10 attorney hours on December 8, 2009, for filing the complaint; .20 hours on April 28, 2010, for issuing summons to the Social Security Administration; .20 on June 25, 2010, for filing the Affidavit of Service; .10 hours on July 26, 2010, for calendaring the new appeal brief deadline; and, .10 attorney hours on August 16, 2010, for filing the appeal brief. Unfortunately, this time cannot be compensated under the EAJA, as these tasks could have been performed by counsel's support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, .70 attorney hours must be deducted from the total compensable time sought by counsel.

In addition, counsel has requested .30 attorney hours for filing a motion for an extension of time to file his brief and reviewing the Order granting his motion. As counsel should have been able to submit all arguments within the time frame provided for by the Court, we will award no additional time for the preparation or filing of the motion for extension of time. Accordingly, .30 attorney hours will be deducted from the total number of compensable hours.

Further, Counsel has petitioned this court for .20 hours for reading and signing the consent to jurisdiction form, .15 hours for receiving the clerk's first notice, .15 hours for receiving and reading the Referral Order, and .15 hours for reviewing the scheduling order. Given that these are simple, one page documents that are filed in each Social Security case filed before this Court, we find the time requested to be excessive. Accordingly, counsel will be awarded .05 hours for each of the above tasks.

Counsel also requests compensation for 14.45 attorney hours for reviewing the transcript and preparing plaintiff's brief. However, there were no unique or complex issues to be

4

developed in this particular case, and the transcript was approximately 300 pages long. Plaintiff's counsel frequently represents social security plaintiff's before this court and should be well versed in social security law. Accordingly, we find that the time submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours submitted for the preparation of plaintiff's brief to 11.00 hours.

Finally, counsel seeks reimbursement for $378.83 in expenses incurred with regard to filing fees, postage, and photocopies. Such expenses are recoverable under the EAJA and we find $378.83 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 14.15 (19.05-4.90) attorney hours, at the rate of $125.00 per hour and for $378.83 in expenses, for a total attorney's fee award of $2147.58. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future. Further, this award should be paid directly to plaintiff's counsel. *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

On June 14, 2010, the Supreme Court held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010). Therefore, any EAJA award by this Court should be payable to plaintiff and not plaintiff's counsel.

AO72A
(Rev. 8/82)

IT IS SO ORDERED this 29th day of August 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)